UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NORMA JEAN MILLER, ) | CASE NO. 5:14 CV 2254 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| FIFTH THIRD BANK, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

**I. Introduction**

Before the Court is Plaintiff Norma J. Miller's *in forma pauperis* Complaint against Defendants Fifth Third Bank, Gerner & Kearns, LPA, and Summit County Court of Common Pleas Judge Amy Corrigall Jones. Plaintiff alleges the State of Ohio is a flood plain, and is therefore subject to admiralty law. She asserts that, because there was no flood insurance on a piece of real property she purchased, the contract for the purchase was void. Finally, she appears to challenge the credentials of Gearner & Kearns, LPA, who represented Fifth Third Bank in an action against Plaintiff which resulted in a judgment of foreclosure against her. See, *Fifth Third Bank v. Norma Miller*, et al., Summit County Court of Common Pleas No. CV-2011-5010, http://www.cpclerk.co.summit.oh.us/PublicSite/CaseDetail.aspx?CaseNo=CV-2011-09-5010&Suffix=&Type= .

**II. Law and Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented. *Beaudette*, 775 F.2d at 1278. To do so would "require

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

The Complaint does not set forth a coherent claim for relief. Moreover, Plaintiff's apparent assertion that the action against her in state court was legally improper is a direct attack on the state court's judgment of foreclosure. This Court lacks subject matter jurisdiction to review that judgment. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983); *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998).

## III. Conclusion

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting she might have a valid federal claim.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/23/15